FOURTH DISTRICT—MARCH, 1909.    319

Kean v. Jones Bros. Coal & Mining Co., 147 App. 319.

────────────

**Roy Kean, by his next friend, Appellee, v. Jones Bros. Coal & Mining Company, Appellant.**

MINES AND MINERS—*what not violation of section 18.*  A chunk of coal lying beside the track in a mine, *held,* under the evidence, not an obstruction and not to constitute such a danger as is contemplated by section 18 of the Mines and Miners Act so as to require the examiner to mark the place as unsafe and to make a special report with respect thereto.

Action in case for personal injuries.  Appeal from the Circuit Court of St. Clair county; the Hon. R. D. W. HOLDER, Judge, presiding.  Heard in this court at the August term, 1908.  Reversed. Opinion filed March 4, 1909.

WISE, MCNULTY & KEEFE, for appellant.

WEBB & WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On February 20, 1908, appellant was operating a coal mine in which there was a room known as room No. 2 of the fourth west entry, which had been driven in about one hundred feet. There was a track laid in the room from the main entry to the face of the mine over which the coal cars ran. The coal, when shot down by the shot-firers, after the other work had ceased for the day and the rooms were clear of men, would be blown back from the face for a considerable distance, falling close to and on the track, as well as elsewhere. The next morning the miner would push in his empty coal car and load its box, commencing with the coal on the track and close to it and when the box was full, a driver would come with a mule and haul the car away. On the evening previous to the date above mentioned, a large block of coal about three and a half feet long, somewhat less in width and height, and weighing from three to five hundred pounds was blown from the face by shots placed by the shot-firers and fell some thirty feet back from the face, about nine inches outside of the car tracks, where in the due course of business it would be loaded into the cars, along with the other coal which had been blown down by the shots, upon the return of the miners to work the next morning.

On the morning of the day in question appellee, who was nineteen years old and had been a mule driver in the mines for over two years, and had been driving in this room for about four months, came into the room as usual with his mule to haul out the loaded cars. He hauled out five loads, all or nearly all of which must have passed along side the piece of coal in question. Coming out on the sixth trip he walked backward in front of the car, steadying the same with his hands, with one foot on each side of the tail chain

by which the mule was attached to the car. As he came to the place where the chunk of coal was lying the car wobbled to one side, a corner of the box struck the piece of coal and his leg was caught between the box and the coal and was bruised and broken. The track was made of wooden rails, nailed to the ties and was in bad condition at that point. The box extended over the rail about six inches and therefore in passing came within about three inches of said piece of coal.

He brought suit for damages, charging appellant with a violation of section 18 of the act in regard to mines and miners, the particular breaches of duty being, as alleged, that the mine examiner in making his examination, discovered the chunk of coal in question and that the same formed an obstruction to the track and was an unsafe condition, and wilfully failed and omitted to place a conspicuous mark thereat and wilfully failed and omitted to report his finding to the mine manager; that he also wilfully failed and omitted to make a daily record of the condition of said room No. 2 as he found it, in a book kept for that purpose.

Appellee obtained a judgment in his favor in the court below and appellant here advances several substantial reasons, which appear to us to be well founded, why that judgment should not be permitted to stand. The most important of these is the claim made by appellant, that the Miners statute under which the suit was brought, does not apply to the conditions shown to exist in this case, the contention being that the piece of coal lying beside the track, in room No. 2 as above described, was not an obstruction to the roadway or an unsafe condition within the meaning of section 18 of said act. That section provides that, (a) the mine examiner shall ''inspect all places where men are expected to pass or to work and observe whether there are any recent falls or obstructions in rooms or roadways or accumulations of gas or other unsafe conditions.''  (b) ''When working places are discovered in which accumulations of gas or recent falls or any dan-

gerous conditions exist he (the mine examiner) shall place a conspicuous mark thereat as notice to all men to keep out and at once report his finding to the mine manager. No one shall be allowed to remain in any part of the mine through which gas is being carried into the ventilating current, nor to enter the mine to work therein, except under the direction of the mine manager, until all conditions shall have been made safe.''

(c)  ''The mine examiner shall make a daily record of the conditions of the mine as he has found it in a book kept for that purpose,'' etc.

It is uncontroverted that the mine examiner made an examination of appellant's mine, including said room No. 2, on the day in question before the men were permitted to enter; that he observed the conditions in said room, including said chunk of coal, but did not place any conspicuous mark there as a notice to all men to keep out, nor report his finding to the mine manager; that the examiner did make a record of the condition of the mine on said day in a book kept for that purpose, stating that all the conditions were safe for beginning work, but containing no reference to the block of coal above referred to in room No. 2.  The mine examiner stated in his testimony that he would not mark a chunk of coal as a dangerous obstruction to a road, whether it cleared the car or not, as when a shot was fired the coal would be scattered to a certain extent over the bottom and the clearing up of this coal was a matter for the loaders.

The real question presented, therefore, by this phase of the case is, was the chunk of coal lying beside the track, as above described, an obstruction in the room or roadway or did it constitute an unsafe condition, within the meaning of the statute? We are of opinion that it did not constitute such an obstruction or unsafe condition and that therefore it was not necessary for the examiner either to conspicuously mark it as unsafe or to make special report of it in his rec-

ord.   The shooting down of the coal, the gathering of
it up by the loaders and loading it in cars and the
hauling of these loaded cars away by the mules, under
charge of their drivers, are all consecutive parts of
the ordinary work of mining coal, which the makers
of the law must have had in view when the same was
framed; and they cannot reasonably be held to have
intended that the examiner should be required to mark
as an obstruction or unsafe, all pieces of coal of any
considerable size blown out by the shot-firers in the
course of mining and lying on or near to the tracks.
It might be that pieces of coal lying on or near a
track where blown out by the shot-firers, taken in
connection with negligence of a coal mining company
in the furnishing of defective cars or some other neg-
ligent act, could create a condition of affairs which
would render the company liable for damages to a
person injured thereby, under the injuries act, but
this suit is brought to recover under the provisions of
the act in relation to mines and miners and must be
governed by that law.

Entertaining the views above expressed, we must
reverse the judgment of the court below and as in
our opinion the law under which this suit is brought
does not apply to the facts agreed by the parties to
exist in this case, the cause will not be remanded.

*Reversed.*

We find as facts to be incorporated in the judg-
ment that appellant's mine examiner duly made a
daily record of the condition of the mine as he found
it in a book kept for that purpose by appellant; and
we further find that he did not wilfully fail and omit
to place a conspicuous mark, as a notice to all men
to keep out, at a place in said room No. 2, where there
was an obstruction and an unsafe condition as charged
in appellee's declaration, and that he did not wilfully
fail and omit to report the finding of an obstruction
and unsafe condition to appellant's mine manager.